**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| NATIVE AMERICAN ARTS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 08 C 3908 |
| | ) | |
| v. | ) | Judge Darrah |
| | ) | Magistrate Judge Cole |
| PETER STONE CO., U.S.A., Inc., | ) | |
| | ) | |
| Defendant. | ) | Jury Trial Demanded |
| | ) | |

**INITIAL STATUS REPORT**

Plaintiff, Native American Arts, Inc., by and through its attorneys, Michael Patrick Mullen and Scott M. Kolosso of the law firm of Mullen & Foster, present the following Initial Status Report.

1. <u>26(f) Conference</u>: On August 26, 2008, Plaintiff's attorney, Michael Mullen, visited Defense Counsel's office to attend a confirmed Rule 26(f) conference. At that time, despite repeated requests by Plaintiff's attorney, Defense Counsel, through his secretary, refused to meet with Plaintiff's attorney. Defense Counsel offered a pretextual excuse that Plaintiff's Counsel was one-half hour late. Plaintiff's Counsel acknowledges being one-half hour late; however, the primary reason was because Defense Counsel had authorized building security to only allow access to a misidentified "Michael Nullef" rather than Michael Mullen. Defense Counsel did not offer to reschedule the 26(f) Conference. Accordingly, on September 5, 2008, Plaintiff's counsel provided Defense Counsel with a copy of this Initial Status Report and informed Defense Counsel that it would be filing the report, including a proposed discovery plan, with the Court.

    2.    <u>Summary of Claims</u>: Plaintiff brought suit against Defendant based upon alleged violations of the Indian Arts and Crafts Act, 25 U.S.C. § 305e ("IACA"). The Complaint alleges that Defendant offered, advertised, displayed or sold traditional Indian products in manner that falsely suggested that they were authentic Indian-made products which caused various injuries to Plaintiff.

    3.    <u>Statement of Relief Sought</u>: At the present time, Plaintiff anticipates seeking statutory damages. The IACA provides for statutory damages of $1,000 per day per product. See *Native American Arts, Inc. v. Bundy-Howard, Inc. et. al.*, 168 F.Supp.2d 905, 912-913 (N.D.Ill. 2001). During discovery, Plaintiff will be seeking information and documentation regarding the specific violative products purchased and identified in the Complaint as well as other potentially violative products advertised, offered, displayed or sold by Defendant during the relevant timeframe alleged generally in the Complaint.

    4.    <u>Pending Motions</u>: On September 2, 2008, Defendant filed a Motion to Dismiss the Complaint on the following grounds:

    a. The IACA violates the Equal Protection Clause of the Fifth Amendment of the Constitution;

    b. Plaintiff lacks standing under Rule 12(b)(1);

    c. Failure to plead misrepresentation or fraud with specificity under Rule 9(b);

    d. Failure to state a claim under Rule 12(b)(6).

Defendant's motion is merely a complete regurgitation of motions previously filed by other defendants in other IACA cases in this district. Each and every one of the arguments set forth by Defendant has been rejected multiple times by judges in this district and Defendant transparently appears to be attempting to harass the Plaintiff and cause an undue burden upon the

Court and Plaintiff.  Furthermore, Defendant failed to properly notice its motion, exceeded the page limit without leave of the Court, and failed to give notice to the government regarding a constitutional challenge to a federal statute (Plaintiff anticipates that the government will intervene as it has done so in the past on nearly identical challenges to the IACA).  Plaintiff respectfully requests that this Court deny Defendant's merit-less pending motion and order Defendant to answer the Complaint.

     5.    <u>Description of Discovery</u>: To date, Plaintiff has provided its Rule 26(a) Disclosures including the production of some documents.  No other discovery has taken place.  Defendant has failed to submit its Rule 26(a) Disclosures.  Additional discovery will be necessary regarding all aspects of the manufacture, offer, advertising, marketing, display and sale of the Indian products alleged to be in violation of the Indian Arts and Crafts Act, 25 U.S.C. § 305e.  To date, no depositions have taken place or are scheduled.

     6.    <u>Deadlines</u>: Plaintiff proposes the following schedule for this matter:

        a.    Discovery cut-off:  <u>December 31, 2008</u>

        b.    Reports from retained experts under Rule 26(a)(2) due:

        Plaintiff: <u>March 2, 2009</u>

        Defendant: <u>April 1, 2009</u>

        c.    All potentially dispositive motions should be filed by <u>May 1, 2009</u>.

        d.    Final pretrial order:  Plaintiff to prepare proposed draft by <u>June 1, 2009</u>; Defendant to submit response by <u>June 15, 2009</u>, parties to file joint final pretrial order by <u>July 1, 2009</u>.

        e.    The case should by ready for trial by <u>July 31, 2009</u> and is expected at this time to take approximately <u>four to six days</u>.

7. <u>Settlement Discussions</u>: During the scheduled Rule 26(f) Conference Plaintiff's counsel had anticipated discussing the possibility of settlement; however, because of Defense Counsel's refusal to participate, such discussions did not occur. Plaintiff is willing to discuss settlement of this matter at this time if Defendant is willing to do so in good faith.

Respectfully submitted,

/s/ Michael P. Mullen \_\_\_\_\_
One of the attorneys for Plaintiff

Michael P. Mullen
Scott M. Kolosso
MULLEN & FOSTER
203 N. Wabash Ave., Suite 2300
Chicago, Illinois 60601
312-750-1600