

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NATIVE AMERICAN ARTS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 08 CV 3908 |
| v. ) | |
| ) | Judge John W. Darrah |
| PETER STONE CO., U.S.A., INC., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION & ORDER

This matter comes before the Court on Defendant's Motion to Dismiss. For the reasons stated below Defendant's Motion is denied.

## BACKGROUND

Defendant Peter Stone Corp. ("PSC") sells ethnic and eclectic styles of silver jewelry. Plaintiff Native American Arts ("NAA") is a wholly Indian-owned arts and crafts manufacturing and distribution company staffed by members of the Ho-Chunk Nation. NAA filed its Complaint under the Indian Arts and Crafts Enforcement Act of 2000 ("IACEA"), found at 25 U.S.C. § 305 *et. seq.* NAA claims that PSC's sale of certain merchandise[1] through its catalog and website violated § 305e(a) of the IACEA, which states that a group such as NAA may bring a civil action "against a person who, directly or indirectly, offers or displays for sale or sells a good, with or without a Government trademark, in a manner that falsely suggests it is Indian produced, an Indian product, or the product of a particular Indian or Indian tribe or Indian arts and crafts organization, resident within the United States." 25 U.S.C. § 305e(a). Of the photo exhibits attached to NAA's Complaint, some of the jewelry was attached to cardboard backings,

---

[1] Photos of the merchandise are attached to NAA's Complaint as an appendix.

having sublimated Indian motifs in the background and the label of "Native American Designs" at the top of the backing. As a result of these alleged violations, NAA is seeking both an injunction, enjoining PSC from selling those particular items, as well as compensatory damages as provided in 25 U.S.C. § 305e(a)(1) and (2)(A) & (B).

PSC filed a motion to dismiss NAA's complaint. PSC raised four issues: (1) the unconstitutionality of the IACEA; (2) lack of standing by NAA; (3) failure to plead with necessary particularity under Fed. R. Civ. Proc. 9(b); (4) failure to state a claim under Fed. R. Civ. Proc. 12(b)(6). Thereafter, the United States moved to intervene in defense of the constitutionality of the IACEA and filed a brief to that effect, invoking Fed. R. Civ. Proc. 24 and 28 U.S.C. § 2403(a). Neither party objected to the Federal government's intervention.

## LEGAL STANDARD

The defendant's motion to dismiss must be denied if, after reviewing the plaintiff's pleadings, it appears that the plaintiff could prove at least one set of plausible facts that would entitle it to relief. *See First Ins. Funding Corp. v. Federal Ins. Co.*, 284 F.3d 799, 804 (7th Cir. 2001) (*First Ins.*). In other words, the court must "accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the plaintiff." *Rujawitz v. Martin*, 2009 WL 859898 at *1 (7th Cir. 2009).

Congress has plenary constitutional authority to create legislation applicable to, or favoring, Indian tribes. *Morton v. Mancari*, 417 U.S. 535, 555 (1974) (*Morton*). Any distinctions favoring Indian tribes, by virtue of being tied into Congress's express Article I powers, are considered political distinctions and, therefore, are to be reviewed under the rational-basis test. *Lac Court Oreilles Band of Lake Superior Chippewa Indians of Wisconsin v. United States*, 367 F.3d 650, 666 (7th Cir. 2004).

2

Although Federal Rule of Civil Procedure 9(b) requires a heightened pleading standard when claiming fraud, the plaintiff need only articulate the who, what, where, when, and how in order to be sufficiently particular. *DiLeo v. Ernst & Young*, 901 F.2d 624, 626 (7th Cir. 1990) (*DiLeo*); *see also, Native American Arts v. Earth Dweller*, 2001 WL 910394 at *3 (N.D. Ill, 2001) (*Earth Dweller*).

## ANALYSIS

This court takes jurisdiction under 28 U.S.C. § 1331, as this is a clear federal question: NAA's Complaint arises under 25 U.S.C. § 305e.

### *Native American Arts' Standing Under the IACEA*

The first question is whether NAA has sufficient standing. To be clear, NAA qualifies under subsection (c)(1)(C) of 25 U.S.C. § 305e as a qualifying "Indian arts and crafts organization." Under the traditional three-part standing test, this court must review: (1) whether NAA has sustained an injury in fact as understood by the IACEA, (2) fairly traceable by PSC's conduct, (3) such that a favorable ruling by this court would redress NAA's injury. *Wisconsin Right to Life v. Schober*, 366 F.3d 485, 489 (7th Cir. 2004) (*Schober*).

NAA claims that it has sustained "competitive" and "advertising injuries" in violation of the IACEA that are fairly traceable to PSC's sale of goods labeled in such a way that they allegedly suggest they are Indian-created and, therefore, compete with the goods created by NAA. While NAA does not point to any particular sale injuries or lost sales figures, it is important to note at the motion to dismiss stage that the burden on the complaining party is no greater than that required to give the defendant notice as to the crux of the case. *See Massey v. Merrill Lynch & Co., Inc.*, 464 F.3d 642, 650 (7th Cir. 2006) (*Massey*) ("as a general concept, a party need not plead much to survive a motion to dismiss: a party need not plead specific facts,

legal theories, nor anticipate any defenses."). While the facts surrounding the validity of NAA's injury are unclear (and may even end up being adjudged altogether illusory), it is clear that NAA has properly pled its case to establish its standing.

*PSC's Standing to Challenge the Constitutionality of IACEA*

PSC attacks the IACEA statute as unconstitutional on equal protection and due process grounds. NAA responds that PSC lacks standing to proffer such a defense. Only the party invoking federal jurisdiction has the burden of articulating his standing; the party defending against a civil action has, *ipso facto*, standing to raise relevant, personal defenses. *See generally, Schober.* The standing requirement for NAA is not applicable to PSC. PSC, because of its presence in this case, automatically has standing to assert relevant personal defenses. The attack on the constitutionality of the IACEA is just one such relevant personal defense.

*Constitutionality of the IACEA*

PSC argues that congressional categorizations favoring Native Americans are anathema to the Supreme Court's holdings that racial and ethnic-focused legislation must be examined under strict scrutiny analysis.[2] PSC's constitutional attack fails for two connected reasons: (1) the text of the Constitution and (2) the controlling precedents interpreting the applicable Constitutional text and its limits.

Under Article I, Section 8, Clause 3, Congress is granted the express power to regulate commerce with the Indian tribes. U.S. Const., Art. 1 § 8, cl. 3. Congress's commerce clause powers are expansive and are reviewed under rational-basis scrutiny, which only tests whether

---

[2] *See Adarand Constructors v. Pena*, 515 U.S. 200, 227 (1995) (governmental action taken to benefit individual racial classifications must be narrowly tailored to address a compelling state interest.)

4

Congress had a legitimate interest which it rationally addressed through its legislation. *U.S. v. Wilson*, 159 F.3d 280, 285 (7th Cir. 1998) (*Wilson*). "The standard of Commerce Clause review is narrow and deferential, since the Commerce Clause is a grant of plenary authority to Congress. This power, complete in itself, may be exercised to its utmost extent and is susceptible to no limits except for those prescribed in the Constitution." *Wilson*, 159 F.3d at 285. Here, the interest involved ensuring that Indians received the economic premium deriving from labels suggesting the artwork was "authentic Indian" artwork. By creating civil liability for violation of such a law as a deterrent, Congress rationally provided for one such avenue to advance the interest of regulating commerce with Indian tribes.

The question then becomes: is the IACEA the type of provision that bumps up against the limits of the Constitution discussed in *Wilson*. If Indian classification is truly racial and/or ethnic, then the IACEA's rational-basis inquiry is irrelevant and PSC's contention is dispositive; if, on the other hand, Indian classification is not racial or ethnic and, therefore, not violative of Constitutional limits, then the IACEA's rational-basis sufficiency is sufficient and PSC's argument fails. The Supreme Court ruled in *Morton* that congressional categorization of Indians is not a racial categorization as understood by the due process and equal protection analysis. Congressional statutes favoring Indian commerce (such as the IACEA as applied here) must be reviewed under rational-basis scrutiny like any ordinary commerce clause challenge. *See Morton*, 417 U.S. at 555 ("As long as the special treatment can be tied rationally to the fulfillment of Congress's unique obligation toward the Indians, such legislative judgments will not be disturbed. Here, where the preference is reasonable and rationally designed to further Indian self-government, we cannot say that Congress's classification violates due process."). Accordingly, the IACEA survives PSC's constitutional attack.

*Native American Arts' Pleading Under FRCP 9(b)*

The next question is whether NAA's pleading is required to comply with the heightened pleading standard found in Federal Rule of Civil Procedure 9(b) (pleading standard required for cases centering on fraud and misrepresentation). PSC argues that while NAA's claim may survive the liberal notice pleading requirements under Rule 8 of the Federal Rules of Civil Procedure, the controlling language of the statute stating that a defendant must "falsely suggest" equates to a fraud requirement under 9(b). The identical claim was made before this court in *Earth Dweller*, 2001 WL 910394 (N.D. Ill.).

In *Earth Dweller*, the court analyzed the complaint under the 9(b) framework and held that the plaintiff satisfied the heightened requirement. In particular, the court emphasized that the specification of dates and times, as well as the attachment of photographic evidence, provided the specificity required for a 9(b) pleading. *Earth Dweller*, at *2. The specific dates and an attachment of photographs of the accused items were provided here as well. This Court adopts the *Earth Dweller* framework and reasoning and holds similarly: NAA's pleading suffices under 9(b).

*Native American Arts' Pleading Under FRCP 12(b)(6).*

PSC claims NAA's photographic appendices prove PSC's goods are not falsely suggestive and that, therefore, NAA fails to allege a claim under 12(b)(6). However, the threshold for raising a claim at the motion to dismiss level is very low. Notwithstanding its failure to secure a favorable outcome in a similar previous case, *see Native American Arts, Inc. v. Waldron Corp.*, 399 F.3d 871 (7th Cir. 2005), NAA pleads facts showing that PSC's products were falsely suggestive. Nothing further is required to state a claim.

6

Even if something further than what is contained in NAA's Complaint was required, NAA's Complaint appendices show the cardboard backing attached to some of PSC's jewelry goes much further than merely labeling the jewelry as a "Native American Design." Rather, the backings contain what appear to be sublimated stereotypical Native American symbols, such as the shadow of a horse head with a headdress-wearing rider and an image of eagle feathers near the "Native American" print. It is plausible that such packaging could be falsely suggestive.

## CONCLUSION

For the reasons articulated above, Defendant's Motion to Dismiss is denied.

DATE: April 30, 2009

JOHN W. DARRAH
United States District Court Judge