# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| **NATIVE AMERICAN ARTS, INC.,** | ) | |
| | ) | |
| Plaintiff, | ) | No. 08 C 3908 |
| | ) | |
| v. | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| **PETER STONE CO., U.S.A., INC.,** | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

There are presently pending before this court a miscellany of motions that have made a labyrinth out of what should have been a straightforward motion for summary judgment. A review of how we came to this situation is necessary to enable us to extricate ourselves.

On October 28, 2014, the defendant filed its motion for summary judgment [Dkt. #248], which is based on arguments involving collateral estoppel and standing. Originally, the deadline for filing dispositive motions was April 14, 2014 – a date selected by the parties a month earlier. [Dkt. #166]. Less than two weeks later, the parties asked to change that date and select a new one. [Dkt. #176]. They were unable to come up with a new date despite being given almost a month to do so. [Dkt. # 185, 189]. It was not until July 2014 that the parties selected August 18, 2014 as the date for the filing of defendant's motion for summary judgment based on standing, and November 17, 2014 for all other dispositive motions. [Dkt. #212].

Less than a month after that, the defendant was given leave to file its motion for summary judgment based on standing by October 24, 2014. [Dkt. # 218]. The new deadline for all other dispositive motions was December 1, 2014. [Dkt. #218]. With the court's permission, the brief was

ultimately filed on October 29th. [Dkt. #246, 253]. Both parties filed oversized briefs without seeking prior leave of court. That issue was dealt with, and both sides were limited to 28 pages. [Dkt. #263].

On December 1, 2014, defendant filed another motion for summary judgment, which, like the original motion, contended that the facts in the *Indio Products* and *Waldron* cases are nearly identical to those alleged in this case. [Dkt. #267 at 2]. In addition, the 16-page Memorandum also contended that there are no genuine issues of material facts on the claims raised in plaintiff's complaint, again relying on the *Indio Products* case [Dkt. #267 at 5] and arguing that there were no positive representations made, and therefore there is no viable claim. The memorandum goes on to claim that the statute under which the plaintiff is proceeding is unconstitutionally vague, that the plaintiff's claims are barred by laches, that the plaintiff has failed to mitigate its damages, and that its damage calculation are faulty. [Dkt. #266, 267]. The motion and supporting memorandum were accompanied by yet another Local Rule 56.1 submission.

A brief review of the memorandum shows that the citations in the motion are not necessarily supported by the paragraphs in the statement of facts. On the second page of the brief, the defendant states what the prices of his products were. [Dkt. # 267, at 2]. The citations to five Local Rule 56.1 paragraphs on page 2 do not support the assertions therein as they do not mention prices at all. [Dkt. #273, ¶¶5, 18-21]. Similarly, the citations to paragraphs on page 7 regarding the types of Indian products plaintiff sells do not support the memorandum's assertions either. [Dkt. #267, at 7; Dkt. #272, ¶¶36-38]. The factual assertions relied upon at page 5 of the memorandum [Dkt.267, at 5] are in the vein of legal arguments that have no place in a statement of facts. *Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec*, 529 F.3d 371, 382 n.2 (7th Cir. 2008). The suspicion is that the memorandum continues on in this fashion.

But the real issue here is that by filing successive motions for summary judgment, the defendant has skirted the page limitation and paragraph limitation of the Local Rules. On December 5th, defendant filed a "Supplemental Memorandum In Support of its Motion for Summary Judgment." [Dkt. # 277, 278]. But the deadline for dispositive motions and accompanying memoranda was December 1st. The defendant did not seek leave to complete the filing of its second summary judgment motion – that's what the "supplement" purportedly seeks to do, after all – after the deadline for dispositive motions. As a result, defendant effectively did not file its second dispositive motion by December 1st. But ignoring that point, the supplemental memorandum and statement of facts bring the memorandum supporting the defendants' December 1st motion over the page limit – 18 pages instead of 15 – and bring the statement of facts over the paragraph limit – 83 paragraphs instead of 80. [Dkt. #278]. Defendant did not ask for leave to exceed either of these limits before the filing of the Supplemental Memorandum. The above filings are inexplicable in light of the December 1 minute order, which emphasized that this kind of approach to page limitations was not permissible. [Dkt. #263].

In varying contexts, case after case has recognized the importance of page limitations. *See, e.g., THI of New Mexico at Valle Norte, LLC v. Harvey,* 527 Fed.Appx. 665, 671–72 (10th Cir.2013); *Apple, Inc. v. Samsung Electronics Co., Ltd.,* 2012 WL 2576136, *4 (N.D.Cal.2012); *Swanson v. U.S. Forest Service,* 87 F.3d 339, 343 (9th Cir.1996); *Frank v. United States,* 78 F.3d 815, 833 (2nd Cir.1996); *Ervin v. Bowersox,* 1996 WL 634204, *15 (W.D.Mo.1996). "Enforcing page limits and other restrictions on litigants is rather ordinary practice," "which is rather strictly, and cheerfully, enforced." *Watts v. Thompson,* 116 F.3d 220, 224 (7th Cir.1997). Page limitations are "designed as much for the benefit of the litigants as for the benefit of the court. If extra pages

mean stronger argument, enforcement of the page limit protects those who obey the rules. But extra pages may not be stronger argument. A limitation induces the advocate to write tight prose, which helps his client's cause." *Morgan v. South Bend Community School Corp.,* 797 F.2d 471, 480–481 (7th Cir.1986) (Easterbrook, J,).

Accordingly, the Defendant's second motion for summary judgment [Dkt. # 266] is denied, and the accompanying materials – titled "supplemental" or otherwise [Dkt. # 267, 272, 277, 278] – are stricken.

In addition, the defendant's motions to strike [Dkt. # 283, 284] are also denied. As noted in the minute order of December 23, 2014 [Dkt. #289], such motions are disfavored and are wasteful. The evidentiary and related issues raised regarding the plaintiff's Local Rule 56.1 submissions will be dealt with appropriately in the resolution of defendant's motion for summary judgment on standing. Filing successive motions to strike needlessly multiplies the proceedings and obfuscates the real issues. Already, the defendant, alone, has filed 95 pages of briefing and submitted over 1500 pages of exhibits to support over 160 asserted statements of facts.

While it's not always the case that an unwieldy record and an enormous amount of factual assertions mean that there must be a genuine issue of fact somewhere, that's the likely result; especially in what ought to be a rather simple case with clearly defined issues. As the Seventh Circuit said in *Adams v. Ameritech Services, Inc.*, 231 F.3d 414, 417 (7th Cir. 2000), a discrimination case with a comparable record but involving not one, but over 50 plaintiffs, "[w]hile we appreciate the herculean efforts the district court made to wade through the voluminous materials on summary judgment that both sides presented, we conclude that the plaintiffs presented enough evidence to withstand the defendants' motions." 231 F.3d at 417; *Cf. U.S. ex rel. Yannacopoulos v. General*

*Dynamics*, 652 F.3d 818 (7th Cir. 2011)(affirming grant of summary judgment in *qui tam* action concerning the sale and financing of 40 F-16 fighter jets to the nation of Greece, a deal that spanned 7 years and cost over $600 billion). Despite the complexity and scope of a case like *Yannacopolous*, the size of the record the parties submitted on summary judgment cannot quite compete with what defendant alone has amassed here.

And, finally, the plaintiff also filed a motion for summary judgment on January 1, 2015 seeking to strike defendant's laches defense. The motion was supported by a 12-page memorandum. [Dkt. ## 301, 302]. As already noted, the deadline for dispositive motions was December 1, 2014. Accordingly, the plaintiff's summary judgment motion [Dkt. #301] is denied.

Neither party shall make any other filings of any kind without first seeking leave of court.

ENTERED: /s/ Jeffrey Cole
UNITED STATES MAGISTRATE JUDGE

**DATE:** 1/14/15