IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NATIVE AMERICAN ARTS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | No. 08 C 3908 |
| | ) | |
| v. | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| PETER STONE CO., U.S.A., INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

### INTRODUCTION

The defendant, Peter Stone, has filed a motion for sanctions against the plaintiff, Native American Arts, and its attorney, Peter Lubin. Defendant contends that the filing of the lawsuit violated Fed.R.Civ.P. 11 and 28 U.S.C. §1927 because: (1) the lawsuit was frivolous because the plaintiff did not have standing to file it; (2) the plaintiff did not have a good faith basis for alleging it was entitled to astronomical damages; (3) the jewelry sold by the defendant was, in fact, designed by a Native American; and (4) the plaintiff named two experts who were previously barred from testifying in similar lawsuits.

"Rule 11 imposes a duty on attorneys to certify that they have conducted a reasonable inquiry and have determined that any papers filed with the court are well grounded in fact, legally tenable, and 'not interposed for any improper purpose.'" *Hahn v. Walsh*, 762 F.3d 617, 632 (7th Cir. 2014). Representations in a filing in a federal district court that are not grounded in an "inquiry reasonable under the circumstances" or that are unlikely to "have evidentiary support after a reasonable opportunity for further investigation or discovery" violate Rules 11(b) and 11(b)(3). *City of Livonia*

*Employees' Ret. Sys. & Local 295/Local 851 v. Boeing Co.*, 711 F.3d 754, 762 (7th Cir. 2013). Whether a contention fails to clear that bar is determined by "an objective inquiry into whether the party or his counsel should have known that his position is groundless." *Cuna Mut. Ins. Soc. v. Office & Prof'l Employees Int'l Union, Local 39,* 443 F.3d 556, 560 (7th Cir.2006). But, it is important to remember that, not every unaccepted argument violates Rule 11: "[S]anctions do not inevitably flow from being wrong on the law" *Harlyn Sales Corp. Profit Sharing Plan v. Kemper Fin. Servs., Inc.*, 9 F.3d 1263, 1270 (7th Cir.1993). Were this long accepted Rule to the contrary, sanctions would be automatically imposed on the loser in every case. Obviously they are not, and they are imposed only where they are necessary to deter repetition of the offending conduct. *Fries v. Helper*, 146 F.3d 452, 459 (7th Cir. 1998). Ultimately the choice of sanctions is a discretionary call by the district court, reviewable under the deferential abuse of discretion standard. *White v. Williams*, 423 Fed.Appx. 645, 646–647 (7th Cir.2011). *Cf., Thomas v. General Motors Acceptance Corp.*, 288 F.3d 305, 308 (7th Cir.2002).

Section 1927 authorizes a court to sanction an attorney who "multiplies the proceedings unreasonably and vexatiously" by requiring the attorney to "satisfy personally" the excess costs (including fees) "reasonably incurred because of such conduct." A finding of subjective bad faith on the part of the offending attorney will support the imposition of sanctions under §1927, but such a finding is not necessary; "objective bad faith" will also support a sanctions award. *Dal Pozzo v. Basic Mach. Co.*, 463 F.3d 609, 614 (7th Cir. 2006)(collecting cases). "'If a lawyer pursues a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound, the conduct is objectively unreasonable and vexatious. To put this a little differently, a lawyer engages in bad faith by acting recklessly or with indifference to the law, as well as by acting in the teeth of

2

what he knows to be the law . . . .'" *Boyer v. BNSF Ry. Co.*, 824 F.3d 694, 708 (7th Cir. 2016). "Simple negligence, on the other hand, will not suffice to invoke section 1927." *Id.* at 708. It bears repeating that "[a] court should not impose sanctions on a party that loses an argument, as long as the argument was not entirely groundless." *Philos Techs., Inc. v. Philos & D, Inc.*, 802 F.3d 905, 917 (7th Cir. 2015). After a review of the proceedings here, it has to be concluded that sanctions are not appropriate under either provision.

**ANALYSIS**

The underlying facts of this case, which the plaintiff brought against the defendant under the Indian Arts and Crafts Act ("IACA"), 25 U.S.C. § 305, have been discussed at length in the ruling on the defendant's motion for summary judgment and will not be revisited here. *See Native Am. Arts, Inc. v. Peter Stone Co., U.S.A.*, 2015 WL 3561439 (N.D. Ill. June 9, 2015). After extensive briefing, the plaintiff's lawsuit was dismissed for lack of standing. In that briefing, the defendant's primary position was that the plaintiff was collaterally estopped from establishing standing. Its secondary position was that plaintiff did not qualify as an Indian arts and crafts organization under the Indian Arts and Crafts Act ("IACA"), 25 U.S.C. § 305 IACA. Both arguments were rejected as non-starters. *Native Am. Arts, Inc.,* 2015 WL 3561439, at *5-7. An intemperate opponent might have called them frivolous, but the mere fact that a position is a loser does not make it frivolous.

Only the defendant's third position – the absence of an Article III injury in fact – had any traction, and it proved a fact-intensive and legally complex issue to address. *See Native American Arts*, 2015 WL 3561439, at *8-15. While the court strongly disagreed with the plaintiff's stance on that issue and felt its presentation in response to the defendant's motion for summary judgment was lacking, that does not mean the suit was frivolous or filed in bad faith without adequate investigation.

3

And, while the court did note that plaintiff had been warned by Judge Darrah about the consequences of failing to adduce proof of standing in the past, those consequences were not sanctions but the dismissal of its suit. *See Native American Arts*, 2015 WL 3561439, at *8.

The fact that plaintiff tried, and failed, to establish standing does not necessitate sanctions. The sanction issue was extremely intricate, and the court had to go beyond the briefing of *both* sides to resolve it. The challenging nature of the issue makes the court extremely reluctant to award sanctions. *See, e.g., Malec Holdings II Ltd. v. English*, 217 Fed. App'x 527, 530 (7th Cir. 2007)(noting that complexity of the *Rooker-Feldman* doctrine might be sufficient reason to deny motion for sanctions). "Lawyers do not come from cookie cutters. . . . Some have deeper insight and . . . may find ways to prevail (or to curtail costly discovery) that will elude their colleagues." *Gusman v. Unisys Corp.*, 986 F.2d 1146, 1150 (7th Cir. 1993). That plaintiff's lawyers did not come up with a way to prevail does not mean their efforts were sanctionable.

The failure to establish the concreteness prong of standing is, essentially, what scuttled plaintiff's suit here. The Supreme Court recently held that the Ninth Circuit failed to perform what the Court said was the proper analysis of standing and that the Court of Appeals had impermissibly overlooked the requirement that an injury be concrete. *See Spokeo, Inc. v. Robins*, – U.S. –, –, 136 S. Ct. 1540, 1549 (2016):

> Congress' role in identifying and elevating intangible harms does not mean that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right. Article III standing requires a concrete injury even in the context of a statutory violation.

The intricacy of the issue is perhaps further highlighted by the fact that, in the wake of *Spokeo*, the Seventh Circuit has chosen an easier and more judicially economical path than standing

4

to dispose of a recent case. *Meyers v. Oneida Tribe of Indians of Wisconsin*, – F.3d –, –, 2016 WL 4698949, at *3 (7th Cir. Sept. 8, 2016). Nonetheless, it must be pointed out that "[r]ecidivism is relevant in assessing sanctions." *City of Livonia Employees' Ret. Sys. & Local 295/Local 851 v. Boeing Co.*, 711 F.3d 754, 762 (7th Cir. 2013).

As for this time, however, it's worth noting that the defendant was unable to mount a challenge to plaintiff's standing until *six years* into this litigation; that tends to further undermine defendant's position that this was an obvious flaw in the plaintiff's suit and one that plaintiff should have readily conceded and should have dropped its suit early on. Indeed, if it were such a frivolous suit it would seem that defendant could have put together a successful motion for summary judgment based on the standing issue some time ago, thereby avoiding many of the costs and expenses of which it now complains.

Additionally, the defendant complains that the plaintiff alleged exorbitant damages and demanded an excessive settlement amount, without any good faith basis. While the claim for damages in this case was definitely exorbitant, as was indicated in the ruling on standing, this was more a function of the language of the statute, *Native American Arts*, 2015 WL 3561439, at *1, 5, 14-15, than any bad faith or lack of investigation by the plaintiff or counsel. The IACA allows for statutory damages of $1000 per day for each item offered for sale, and these may be trebled. Even if a plaintiff established standing, damages would very likely be exorbitant in relation to any actual loss that might be proven.

Such is the nature of "private-attorney-general" provisions: Congress perceives a wrong but finds it too costly to enforce the law it passes to address that wrong. *See Native Am. Arts, Inc. v. Waldron Corp.*, 399 F.3d 871, 873 (7th Cir. 2005)(noting that Congress did not enforce the IACA

5

for 65 years); *see also, generally,* David Kwok, *Evidence from the False Claims Act: Does Private Enforcement Attract Excessive Litigation?*, 42 Pub. Cont. L.J. 225, 235 (2013); Krista M. Anderson, *Twelve Years Post Morrison: State Civil Remedies and A Proposed Government Subsidy to Incentivize Claims by Rape Survivors*, 36 Harv. J. L. & Gender 223, 246 (2013); Vincent M. Waldman, *Pro Se Can You Sue?: Attorney Fees for Pro Se Litigants*, 34 Stan. L. Rev. 659, 663 (1982). And so, with damages far outstripping the actual loss, it is not surprising that suits like this are filed; private-attorney-general statutes are meant to encourage this. *See, e.g., Hawaii v. Standard Oil Co. of Cal.*, 405 U.S. 251, 262 (1972). The fact that statutes like these give rise to "cottage industries" can't be laid at the feet of attorneys who take advantage of them. *Cf. CE Design Ltd. v. King Architectural Metals, Inc.*, 637 F.3d 721, 724 (7th Cir. 2011)(not unlawful for a small business's business model to include filing private-attorney-general class-action lawsuits). *Cf. Creative Montessori Learning Centers v. Ashford Gear LLC*, 662 F.3d 913, 915 (7th Cir. 2011)("Anyway, the statute, with its draconian penalties for multiple faxes, is what it is."); *Blue Cross Blue Shield of Massachusetts, Inc. v. BCS Ins. Co.*, 671 F.3d 635, 638 (7th Cir. 2011)("The statute is what it is, and judges must implement its rule whether or not they think it wise . . . .").

Defendant next asserts that it has been established that Ms. Whiteman, the designer of the jewelry at issue, is Native American and, therefore, plaintiff's suit was baseless. But, whether Ms. Whiteman, is, in fact, a Native American is a question that was not resolved in the summary judgment proceeding. It was addressed in the ruling on summary judgment only to point out that the plaintiff had failed to point to evidence supporting its assertion that she was not a Native American, as required by Local Rule 56.1. *Native Am. Arts, Inc. v. Peter Stone Co., U.S.A.*, 2015 WL 3561439, at *3 (N.D. Ill. June 9, 2015). The deposition testimony the plaintiff relied on then, and which the

6

defendant relies on now, circled around the issue without ever directly addressing it. Moreover, the defendant didn't even raise the issue in the summary judgment proceeding. *Id.* Even if the deposition testimony defendant cites to did establish that Ms. Whiteman is a Native American for the purposes of the IACA – and all she claims is that her parents told her she has some Native American blood [Dkt. #389-4, at 5] – it's far too late to bring it up now. This case was dismissed for lack of standing well over a year ago [Dkt. #324]. The time for proving a central fact like this has long since passed.

Finally, the fact that plaintiff submitted two opinions from experts who were previously barred from testifying in two previous cases does not necessitate sanctions against plaintiff and/or counsel. The defendant does not develop this position and cites no legal authority in support of it. Thus, it is waived. *Schaefer v. Universal Scaffolding & Equip. LLC*, 839 F.3d 599, 607 (7th Cir. 2016); *Long–Gang Lin v. Holder,* 630 F.3d 536, 543 (7th Cir.2010)("The failure to adequately develop and support [an argument] results in waiver."); *United States v. Kirkland,* 567 F.3d 316, 321 (7th Cir.2009). Moreover, the argument is unpersuasive.

There are a number of reasons why an expert may be barred in a particular case that would not be applicable in another setting, and thus would not preclude his testifying in that case. Indeed, contrary to the unspoken assumption in the defendant's argument, not every expert is barred because he is a "charlatan" who has given up his "scholar's mantle" to secure employment in a case. *Mid-State Fertilizer Co. v. Exchange Nat. Bank of Chicago*, 877 F.2d 1333, 1340 (7th Cir. 1989). Some are barred because their testimony is, for various reasons, legally insufficient. Common sense and common experience compel rejection of the undeveloped premise of the defendant's argument. Judges ought not abandon common sense and common experience in ruling on motions before them.

*See United States v. Reichling,* 781 F.3d 883 (7th Cir. 2015); *National Amusements, Inc. v. Town of Dedham,* 43 F.3d 731, 743 (1st Cir. 1995). "That which makes no sense to the common understanding is surely not required by any fictive notions of law...." *Milanovich v. United States*, 365 U.S. 551, 559 (1961). In short, the fact that an expert is barred in one case does not automatically disqualify him from testifying in another, and certainly does not merit the discretionary imposition of sanctions against the party or attorney seeking to admit that expert in the second case.

That rejection by a judge in one case does not mean that in another case, the expert cannot testify follows from the principle that a district court's decision to admit or bar expert evidence is a matter of discretion. *Estate of Stuller v. United States*, 811 F.3d 890, 895 (7th Cir. 2016); *Higgins v. Koch Dev. Corp.*, 794 F.3d 697, 701 (7th Cir. 2015). Discretion "denotes the absence of a hard and fast rule." *Langnes v. Green*, 282 U.S. 531, 541 (1931). That means two judges, considering virtually identical sets of facts, may reach different conclusions and neither would be wrong. *Elliot v. Mission Trust Servs., LLC*, 104 F. Supp. 3d 931, 939 (N.D. Ill. 2015)(collecting cases). Phrased differently, "'[t]he very exercise of discretion means that persons exercising discretion may reach different results from exact duplicates. Assuming each result is within the range of discretion, all are correct in the eyes of the law." *McCleskey v. Kemp*, 753 F.2d 877, 891 (5th Cir. 1985), *aff'd, McCleskey v. Kemp*, 481 U.S. 279, 289-290 (1987). Thus, the fact that one judge under one set of facts rules in a particular way does not mean that another judge presented either with the same or different facts must follow the earlier judge's ruling.

## CONCLUSION

For the foregoing reasons, the defendant's motion for sanctions [Dkt. #367] is denied.

ENTERED: /s/ Jeffrey Cole
UNITED STATES MAGISTRATE JUDGE

**DATE:** 12/2/16